# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**SHARON WEINSTOCK**, *et al.*,

              *Plaintiffs*,

      **v.**

**REPUBLIC OF THE SUDAN**, *et al.*,

            *Defendants.*

Case No. 20-cv-3021-RJL

## FEDERAL DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................ 1

ARGUMENT ...................................................................................................... 1

   I.   Plaintiffs' Equal Protection Claim Should Be Dismissed .......................... 1

   II.   Plaintiffs' Court-Access Claim Should Be Dismissed ................................ 4

CONCLUSION .................................................................................................... 6

## <u>TABLE OF AUTHORITIES</u>

CASES

*Am. Ins. Ass'n v. Garamendi,*
  539 U.S. 396 (2003) ................................................................................... 4

*\*Asociacion de Reclamantes v. United Mexican States,*
  735 F.2d 1517 (D.C. Cir. 1984) ............................................................... 4, 5

*Aviation & Gen. Ins. Co. v. United States,*
  882 F.3d 1088 (Fed. Cir. 2018) ................................................................. 4

*Bank Markazi v. Peterson,*
  578 U.S. 212 (2016) ................................................................................... 6

*Bartlett v. Bowen,*
  816 F.2d 695 (D.C. Cir. 1987) ................................................................. 5, 6

*Belk v. United States,*
  858 F.2d 706 (Fed. Cir. 1988) ................................................................. 4

*Dames & Moore v. Regan,*
  453 U.S. 654 (1981) ................................................................................... 4

*\*FCC v. Beach Commc'ns, Inc.,*
  508 U.S. 307 (1993) ................................................................................. 2, 4

*Fortress Bible Church v. Feiner,*
  694 F.3d 208 (2d Cir. 2012) ..................................................................... 3

*Highway Materials, Inc. v. Whitemarsh Twp.,*
  386 F. App'x 251 (3d Cir. 2010) ............................................................... 3

*Jicarillo Apache Nation v. Rio Arriba Cnty.,*
  440 F.3d 1202 (10th Cir. 2006) ............................................................... 3

*Logan v. Zimmerman Brush Co.,*
  455 U.S. 422 (1982) ................................................................................... 6

*\*Mark v. Republic of the Sudan,*
  77 F.4th 892 (D.C. Cir. 2023),
  *cert denied,* 144 S. Ct. 1456 (2024) ....................................................... *passim*

*Mark v. Republic of the Sudan,*
No. 21-5250, 2023 WL 6278818 (D.C. Cir. Sept. 25, 2023)............................................. 5

*Mark v. Republic of the Sudan,*
No. 1:20-cv-03022, 2021 WL 4709718 (D.D.C. Oct. 7, 2021),
*aff'd*, 77 F.4th 892 (D.C. Cir. 2023) ................................................................................ 1

*Patchak v. Jewell,*
828 F.3d 995 (D.C. Cir. 2016),
*aff'd sub nom. Patchak v. Zinke*, 583 U.S. 244 (2018)............................................... 6

*Smith v. City of Chicago,*
457 F.3d 643 (7th Cir. 2006) ............................................................................................. 3

*Squaw Valley Dev. Co. v. Goldberg,*
375 F.3d 936 (9th Cir. 2004) ............................................................................................. 3

*Steinberg v. Republic of Sudan,*
No. 20-cv-2996 (RCL), 2023 WL 2682369 (D.D.C. Mar. 29, 2023),
*aff'd sub nom. Estate of Steinberg ex rel. Steinberg v. Republic of Sudan,*
No. 23-5087, 2024 WL 718722 (D.C. Cir. Feb. 21, 2024) .......................................1, 2, 3

*XP Vehicles, Inc. v. Dep't of Energy,*
118 F. Supp. 3d 38 (D.D.C. 2015)................................................................................... 3

**INTRODUCTION**

The D.C. Circuit has held that the Sudan Claims Resolution Act (SCRA) passes rational-basis review. *Mark v. Republic of the Sudan*, 77 F.4th 892, 899 (D.C. Cir. 2023), *cert denied*, 144 S. Ct. 1456 (2024). The court of appeals' reasoning demonstrates that the United States-Sudan Claims Settlement Agreement (the Agreement) is likewise constitutional. Under controlling precedent, Plaintiffs' claims against the United States, Attorney General Garland, and Secretary Blinken (the Federal Defendants), seeking a declaration that the SCRA and the Agreement are nevertheless unconstitutional, are meritless. *See* Mem. of Points & Authorities in Support of Motion to Dismiss, ECF No. 18-1 (Mot.). Their opposition does not show otherwise. *See* ECF No. 21 (Opp.). The fourth and fifth causes of action in the amended complaint should accordingly be dismissed with prejudice.

**ARGUMENT**

**I.       Plaintiffs' Equal Protection Claim Should Be Dismissed**

Under *Mark* and its reasoning, Plaintiffs' equal protection challenge to the SCRA and the Agreement fails. *See* Mot. at 8-11. The SCRA "easily satisfies" rational-basis review because, among other reasons, it "fosters stronger relations with Sudan by limiting its potential liability to United States nationals" and "rationally distinguishes" between "decades-old claims" involving "attacks on the homeland" and "more recent" claims "stemm[ing] from a terrorist attack abroad." *Mark*, 77 F.4th at 897-98. The same rational bases supporting the SCRA likewise provide ample support for the Agreement. *See Steinberg v. Republic of the Sudan*, 2023 WL 2682369, at *6-10 (D.D.C. Mar. 29, 2023) (holding the Agreement constitutional); *Mark v. Republic of the Sudan*, 2021 WL 4709718, at *2-5 (D.D.C. Oct. 7, 2021) (same). Plaintiffs make no effort to refute that conclusion. They instead deny that the D.C. Circuit's published decision controls this case, assert that their claims trigger heightened scrutiny, and criticize the terms of the Agreement. Their arguments are meritless.

First, Plaintiffs assert that this Court is not bound by *Mark*'s holding and reasoning because the D.C. Circuit based its decision on incorrect factual assumptions about the

settlement agreements that Sudan entered into with certain terrorism victims. *See* Opp. at 5-9. That contention is factually and legally baseless. As detailed in the motion (at 10-11), the D.C. Circuit was presented with this argument in *Mark* and when it summarily affirmed dismissal in *Steinberg*. There is no reason to suspect that the court of appeals missed the argument; it just did not credit it.

Either way, it is not a valid basis on which to distinguish *Mark*. The government argued in *Mark*, as an additional justification for the different treatment of terrorism victims, that the SCRA and the Agreement rationally distinguished between claims that had been resolved—whether by judgment or settlement—and those that remained pending. *See* United States Br. at 15-16, *Mark v. Republic of the Sudan*, No. 21-5250 (D.C. Cir. May 2, 2022). What mattered for purposes of the government's argument was "the resolved or unresolved nature of the cases," *Steinberg*, 2023 WL 2682369, at *8, not whether there was government involvement. In any event, the D.C. Circuit did not rely on the distinction between resolved and unresolved cases in upholding the SCRA, *see Mark*, 77 F.4th at 897-98, and regardless, a plaintiff's burden is to "negative *every* conceivable basis which might support" the SCRA and the Agreement, *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 315 (1993) (emphasis added). Plaintiffs here have no response to the "reasonable justifications" that the D.C. Circuit concluded were sufficient for the SCRA to survive rational-basis review. *Mark*, 77 F.4th at 897-98. And because the court of appeals' reasoning applies equally to the Agreement, any rational-basis attack on the Agreement by itself or in combination with the SCRA also fails.

Second, Plaintiffs wrongly contend that the SCRA and the Agreement should be subject to heightened scrutiny beyond rational basis because the justifications offered by the government in *Mark* and *Steinberg* for distinguishing between terrorism victims were supposedly pretextual. Opp. at 12-15. At least three circuits have rejected the argument that allegations of pretext can defeat an otherwise valid showing of rational basis. *See, e.g.*, *Highway Materials, Inc. v. Whitemarsh Twp.*, 386 F. App'x 251, 259-60 (3d Cir. 2010); *Smith v. City of Chicago*, 457 F.3d 643, 651 (7th Cir. 2006); *Jicarillo Apache Nation v. Rio Arriba Cnty.*, 440 F.3d

1202, 1211 (10th Cir. 2006). In addition, two courts in this district have rejected the argument "in light of existing law" because "the subjective motivations of the government actor are not considered" when conducting equal protection analyses. *XP Vehicles, Inc. v. Dep't of Energy*, 118 F. Supp. 3d 38, 77 (D.D.C. 2015) (Jackson, J.); *see Steinberg*, 2023 WL 2682369, at *8 (rejecting argument). And even the cases on which Plaintiffs rely—*Fortress Bible Church v. Feiner*, 694 F.3d 208, 224 (2d Cir. 2012), and *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 945-46 (9th Cir. 2004)—do not support an argument that showing pretext triggers heightened scrutiny. *See* Opp. at 12. Those cases stand for the limited proposition that a party can negate a proffered justification by sufficiently demonstrating pretext; they do not suggest that, where a defendant has offered multiple justifications, a showing of pretext as to one negates the showing as to all. Here, as noted above, Plaintiffs have made no argument as to the justifications that *Mark* found sufficient, and even as to other justifications, Plaintiffs have not alleged facts showing the government's proffered reasons in this case were "objectively false" or "based on an improper motive." *Squaw Valley*, 375 F.3d at 946.

Third, Plaintiffs err in claiming that the Federal Defendants acted in "an arbitrary and capricious manner" by not providing them a means to obtain compensation for their espoused claims when others had that opportunity. Opp. at 17-18; *see id.* at 18-20. Any argument that the President lacked authority to espouse Plaintiffs' claims without providing compensation is foreclosed by precedent. *See, e.g.*, *Am. Ins. Ass'n v. Garamendi*, 539 U.S. 396, 420 (2003); *Asociacion de Reclamantes v. United Mexican States*, 735 F.2d 1517, 1523 (D.C. Cir. 1984). Any effort to suggest that the ultimate settlement of Sudan-related claims is inconsistent with Congress's stated goals in enacting the SCRA is futile, *see* Opp. at 16, because Congress's "articulate[d] … reasons for enacting a statute" are "entirely irrelevant" to rational-basis review, *Beach Commc'ns*, 508 U.S. at 315. And any suggestion that the political branches should have negotiated a better deal, as it supposedly did with other countries, *see* Opp. at 19-20 (citing settlement agreements with Libya), is not judicially actionable. The political branches may act in the national interest rather than in the interest of particular claimants.

3

*Dames & Moore v. Regan*, 453 U.S. 654, 680 (1981). Incident to that discretion is the authority "to decide to whom the settlement funds would be distributed." *Aviation & Gen. Ins. Co. v. United States*, 882 F.3d 1088, 1095 (Fed. Cir. 2018). A "judicial inquiry into whether the President could have extracted a more favorable settlement would seriously interfere with the President's ability to conduct foreign relations." *Belk v. United States*, 858 F.2d 706, 710 (Fed. Cir. 1988). Because it is settled law that foreign relations is the responsibility of the political branches, *Haig v. Agee*, 453 U.S. 280, 292 (1981), the Court should refuse to second-guess their determination here.

At bottom, the D.C. Circuit found a rational justification for enacting the SCRA, which applies equally to the Agreement. Plaintiffs have failed to undermine that justification, and in any event, *Mark* is binding on this Court. Both the SCRA and the Agreement pass rational-basis review, and the fourth cause of action should be dismissed with prejudice.

## II.    Plaintiffs' Court-Access Claim Should Be Dismissed

Plaintiffs have not pleaded a valid claim that the SCRA unconstitutionally bars them from raising their claims in federal court. *See* Mot. at 11-12. *Mark*'s reasoning forecloses a court-access claim sounding in equal protection, 77 F.4th at 898, and Plaintiffs have now affirmatively waived any such challenge to the Agreement, *see* Opp. at 6 n.3. Their effort to ground their attack on the SCRA's restoration of Sudan's sovereign immunity in other constitutional provisions is unavailing, as it was in the *Mark en banc* proceedings. *See* Mot. at 12 (citing *Mark v. Republic of the Sudan*, 2023 WL 6278818, at *1 (D.C. Cir. Sept. 25, 2023); Pet. for Rehr'g En Banc at 13, *Mark v. Republic of the Sudan*, No. 21-5250 (Sept. 5, 2023)).

Plaintiffs' position appears to be that SCRA § 1704 violates due process and the separation of powers to the extent that it prevents them from raising constitutional claims. Opp. at 11. They assert that federal courts must interpret the SCRA under constitutional-avoidance principles to allow Plaintiffs to bring such claims. *Id.* (citing, among others, *Bartlett v. Bowen*, 816 F.2d 695, 703 (D.C. Cir. 1987)). However, they read *Mark* as interpreting SCRA § 1704 to bar constitutional challenges to the Agreement, *id.*, and they accuse the Federal

Defendants of seeking dismissal of their constitutional claims on jurisdictional grounds, *see id.* at 3, 10. Plaintiffs are mistaken.

As an initial matter, the D.C. Circuit did not hold that the SCRA prevents federal courts from entertaining all constitutional claims related to the Agreement. The Marks brought a single statutory claim against Sudan, and the panel decided—and the parties agreed—that the SCRA restored Sudan's sovereign immunity with respect to that claim, leaving the Court without jurisdiction to rule on the merits of the Marks' personal-injury claim. *Mark*, 77 F.4th at 895. The court of appeals considered and rejected the Marks' constitutional objections to the SCRA's restoration of Sudan's sovereign immunity. *See id.* at 896-99. It did not consider the Marks' objections to the Agreement, which may have been an independent barrier to their recovery, *see Asociacion de Reclamantes*, 735 F.2d at 1523 ("espous[al] provides a complete defense for the defendant sovereign"), because it lacked jurisdiction to do so, *see Mark*, 77 F.4th at 897 n.3. That is not a holding that the SCRA blocks a court from hearing those objections in a proper case. After all, "the right to access federal courts is subject to Congress's Article III power to define and limit the jurisdiction of the inferior courts of the United States." *Patchak v. Jewell*, 828 F.3d 995, 1004 (D.C. Cir. 2016), *aff'd sub nom.*, *Patchak v. Zinke*, 583 U.S. 244 (2018).

In this case, Plaintiffs have also not shown that the SCRA is preventing them from asserting any constitutional claim. Plaintiffs seek compensation from Sudan for personal injuries and, like the Marks, bring statutory—not constitutional—claims against Sudan. *See* Am. Compl. ¶¶ 101-25, ECF No. 8 (asserting causes of action under the FSIA and Israel's Civil Wrongs Ordinance). The SCRA has restored Sudan's sovereign immunity with respect to those claims, and if Plaintiffs properly serve Sudan, those statutory claims should be dismissed for lack of jurisdiction. *See Mark*, 77 F.4th at 899; Mot. at 8 n.5. But Plaintiffs have not demonstrated that restoring foreign sovereign immunity as to *statutory* claims raises "serious constitutional questions" of the kind at issue in *Webster v. Doe*, 486 U.S. 492 (1988), or *Bartlett*. *See* Opp. at 11. It is well-established that Congress has the authority "'to create

substantive defenses or immunities for use in adjudication—or to eliminate its statutorily-created causes of action altogether." *Patchak*, 828 F.3d at 1005 (quoting *Logan v. Zimmerman Brush Co.*, 455 422, 432 (1982)); *see Bank Markazi v. Peterson*, 578 U.S. 212, 229 (2016) ("Congress may indeed direct courts to apply newly enacted, outcome-altering legislation in pending civil cases."); *Mark*, 77 F.4th at 898 (rejecting challenge to SCRA based on right to access courts).

Further, contrary to Plaintiffs' suggestion (at 10), the Federal Defendants have not argued that the SCRA deprives the Court of jurisdiction over the two constitutional claims that Plaintiffs bring against them in the fourth and fifth causes of action. SCRA § 1704, by its terms, restores *Sudan's* sovereign immunity as to certain claims made against *Sudan*. Federal Defendants have argued that the problem with the fourth and fifth causes of action is that they fail on the merits—which is why the Federal Defendants have invoked Rule 12(b)(6) and requested dismissal with prejudice, *see* Mot. at 13—not that the SCRA strips the Court of jurisdiction to consider them. *See Mark*, 77 F.4th at 899 (explaining that courts should dismiss without prejudice when dismissing for lack of jurisdiction). Because Plaintiffs have not identified any constitutional claim that the SCRA is preventing them from bringing in this case, the fifth cause of action should also be dismissed with prejudice.

## CONCLUSION

For the above reasons and those in the motion, the Court should dismiss Plaintiffs' claims against the Federal Defendants with prejudice.

Dated: September 17, 2024                    Respectfully submitted,

                                            BRIAN M. BOYNTON
                                            Principal Deputy Assistant Attorney General

                                            LAUREN A. WETZLER
                                            Deputy Director
                                            Federal Programs Branch

                                            */s/ Christopher A. Eiswerth*
                                            Christopher A. Eiswerth (D.C. Bar No. 1029490)
                                            Trial Attorney
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            1100 L Street, NW
                                            Washington, DC 20005
                                            Tel: (202) 305-0568
                                            Email: christopher.a.eiswerth@usdoj.gov

                                            *Counsel for Defendants the United States of America,
                                            Attorney General Garland, and Secretary Blinken*